POTEET, Plaintiff, v. TWELFTH OHIO BUILDERS, INC. et, Defendants.

Common Pleas Court, Montgomery County.

No. 117882. Decided December 29, 1960.

Messrs. Curtner, Brenton & Selva, for plaintiff.
Messrs. Pickrel, Schaeffer & Ebeling, for defendant, U. S. Steel Homes Credit Corporation.

McBride, J. Briefly stated this action was filed by a mechanic lienholder to foreclose its lien. By answer the defendant-mortgagee, U. S. Steel Homes Credit Corporation, alleged that after filing his lien the plaintiff was served with notice by the owner to commence suit, duly filed and recorded, and that a bond in the amount of $45,396.00 was filed under Section 1311.11, Revised Code, for the purpose of releasing the lien. The plaintiff by reply generally denied this.

On motion for summary judgment the defendant-mortgagee asker to be dismissed, based upon the release of the lien, and filed a certified copy of the notice to lienholder to commence suit, a return of service by the Sheriff and a copy of the bond. At the hearing on summary judgment the plaintiff did not contest the copies of the record and offered no evidence. Plaintiff indicated that he received a notice to commence suit and that he did so, joining all lienholders and interested owners, but disregarding the filing of the bond and the operation of Section 1311.11, Revised Code.

Counsel agree that there is no reported decision in Ohio on the operation of this section. They also agree that Harold F. Demann's Ohio Mechanic's Lien Law (Anderson 1953) is the only authority on the subject.

Section 1311.11, Revised Code (8319, General Code), provides that a lien shall be void and the property discharged if the owner files a notice to commence suit with the return of service by the Sheriff and a bond in double the amount of the claim and subject to certain conditions which are not involved here.

In view of the statute—

". . . the owner of the lien, instead of bringing an action to enforce the lien by decree of foreclosure and sale of the property, must bring an action to establish his claim and that he *had* a valid lien against the property, and to recover a *personal judgment* against the obligors on the bond. A cause of action for the enforcement of the lien against the real estate no longer exists. . . ." Demann, Ohio Mechanic's Lien Law, Sec. 11.32.

At this time the Court need not discuss the procedural details outlined by Demann. If this statute is to be given any effect the request of the mortgage lienholder in summary judgment for its dismissal must be granted. The plaintiff's lien having been discharged and the plaintiff's cause for foreclosure having been substituted by a right to proceed personally against the owner, as principal, and the owner's surety on the bond, the instant action in foreclosure is improper.

The plaintiff has no lien and he has no cause of action against the real estate.

Motion for summary judgment in favor of U. S. Steel Homes Credit Corporation is granted.